**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SONY INTERACTIVE ENTERTAINMENT LLC, | Case No. 25-cv-07391 |
| Plaintiff, | |
| v. | |
| THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | |
| Defendants. | |

**COMPLAINT**

Plaintiff Sony Interactive Entertainment LLC ("Plaintiff" or "SIE") hereby brings the present action against the Partnerships and Unincorporated Associations identified on Schedule A attached hereto (collectively, "Defendants") and alleges as follows:

**I. JURISDICTION AND VENUE**

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, the Copyright Act 17 U.S.C. § 501, *et seq.*, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive e-commerce stores[1] operating under the seller aliases identified in Schedule A attached hereto (the "Seller Aliases"). Specifically, Defendants have targeted sales to

---

[1] The e-commerce store URLs are listed on Schedule A hereto under the Online Marketplaces.

Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts and, on information and belief, have sold products using infringing and counterfeit versions of the federally registered trademarks owned and/or licensed by SIE and/or unauthorized copies of the federally registered PlayStation® copyrighted works (collectively, the "Unauthorized Products") to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused SIE substantial injury in the State of Illinois.

## II. INTRODUCTION

3.     This action has been filed by SIE to combat e-commerce store operators who trade upon SIE's reputation and goodwill by offering for sale and/or selling Unauthorized Products. Defendants create e-commerce stores operating under one or more Seller Aliases that are advertising, offering for sale, and selling Unauthorized Products to unknowing consumers. E-commerce stores operating under the Seller Aliases share unique identifiers, establishing a logical relationship between them and that Defendants' unlawful activities arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid and mitigate liability by operating under one or more Seller Aliases to conceal both their identities and the full scope and interworking of their counterfeiting operation. SIE is forced to file this action to combat Defendants' counterfeiting of its registered and licensed trademarks and infringement of the registered PlayStation® copyrighted works, as well as to protect unknowing consumers from purchasing Unauthorized Products over the Internet. SIE has been and continues to be irreparably damaged through consumer confusion, a lack of quality control, and a loss of brand confidence,

exclusivity, and unquantifiable future sales as a result of Defendants' actions and seeks injunctive and monetary relief.

### III. THE PARTIES

**Plaintiff**

4. Plaintiff SIE is a California limited liability company with its principal place of business in San Mateo, California. SIE is a wholly owned subsidiary of Sony Corporation of America.

5. SIE, together with Sony Interactive Entertainment Inc. ("SIE Inc.") in Tokyo, Japan, is one of the global leaders in video game and entertainment responsible for developing the internationally recognized PlayStation® brand and family of products and services (the "PlayStation® Brand"), which first launched in 1994. The PlayStation® Brand is one of Plaintiff's most valuable assets. SIE and SIE Inc. are responsible for the PlayStation® Brand. SIE and SIE Inc. manufacture, produce, market, advertise, offer for sale and sell a wide variety of products using the famous PLAYSTATION trademarks, including video games consoles, video games, peripheral accessories, and related consumer goods (collectively, "Genuine PlayStation® Products"). SIE, with and on behalf of SIE Inc., has also entered into numerous trademark licensing agreements in the United States and around the world, authorizing use of the famous PLAYSTATION trademarks on Genuine PlayStation® Products.

6. The PlayStation® Brand has enjoyed great success throughout the United States and the world. As of March 2025, each generation of PlayStation® Brand video game console has sold more than 76 million units worldwide. SIE has produced five of the top ten best-selling video game consoles of all time, including the PlayStation® 2, the most successful video game console of all time with over 160 million units sold as of March 2012.

7.     Through PlayStation Studios, SIE has also developed and produced numerous PlayStation® Brand video games.  All of these video games consist of or include large amounts of creative audiovisual material, stories, characters, and other matter that are wholly original to SIE.  SIE has made, and continues to make, substantial investments in the design, development, testing, manufacturing, marketing and distribution of their PlayStation® Brand video games. PlayStation® Brand video games take years and millions of dollars to develop.

8.     SIE and SIE Inc. are the owners of many famous and distinctive trademarks, including the PLAYSTATION trademark and other trademarks (collectively, the "PLAYSTATION Trademarks"), and work in conjunction to license and protect those trademarks. SIE commercially exploits, protects and enforces rights in the famous and distinctive trademarks, names, logos, symbols, emblems, designs, trade dresses, and other identifying indicia associated with SIE and SIE Inc., including, but not limited to, the PLAYSTATION Trademarks that are the subject of valid and subsisting trademark registrations on the Principal Register of the United States Patent and Trademark Office as well as those that SIE Inc. has adopted and used in commerce throughout the United States, including in Illinois.    A non-exclusive list of the PLAYSTATION Trademarks is included below.

| Registration No(s). | Trademark |
|---|---|
| 5929333; 6776909 | PLAYSTATION |
| 6763918 | PS4 |
| 6496058 | PS5 |
| 3147147; 3003228 | PSP |
| 5000799 | PSVR |
| 6770411 | PLAY HAS NO LIMITS |
| 6451015 | PLAY LIKE NEVER BEFORE |
| 6367785 | DUALSENSE |
| 4498083; 6010231 | DUALSHOCK |
| 2431970 | DUAL SHOCK |

| | |
|---|---|
| 2730542; 4430716; 3029637; 2087964; 2259732; 2053625 | PlayStation |
| 6784229 |  |
| 3102506 |  |
| 4017554 |  |
| 7171803; 5619630 |  |
| 6770227; 6279642 |  |
| 3025454 |  |
| 4741506; 5635158 | PSVITA |
| 3029955; 3128286 | PSone |
| 3036993; 2728079; 3029636; 3482765; 7279163 |  |

| 2024707; 2109353 |  |
| 6044484; 5667771 |  |
| 6770229; 6082275; 2754313; 2993560 |  |
| 6805555; 2757385 |  |
| 5748316 |  |
| 6770203 |  |

| 3554534 |  |
|---|---|

9. A non-exclusive list of the PLAYSTATION Trademarks associated with PlayStation® Brand video games is included below.

| **Registration No(s).** | **Trademark** |
|---|---|
| 3064169 | GOD OF WAR |
| 4735481 | UNCHARTED |
| 3052719; 3468429 | GRAN TURISMO |
| 5392159; 4800895; 4810333; 4403964 | THE LAST OF US |
| 6895984 | ASTRO'S PLAYROOM |
| 5892540 | BLOOD & TRUTH |
| 4791550 | BLOODBORNE |
| 5829242 | DAYS GONE |
| 6383009 | DEMON'S SOULS |
| 6428579 | GHOST OF TSUSHIMA |
| 4756623 | HELLDIVERS |
| 5396802; 6448762 | HORIZON ZERO DAWN |
| 4183157 | INFAMOUS |
| 3102840 | INSOMNIAC |
| 2158179 | INSOMNIAC GAMES |
| 4285981 | JAK AND DAXTER |
| 4172195 | JOURNEY |
| 2036776 | NAUGHTY DOG |
| 4841517 | RATCHET & CLANK |
| 3679767 | SECRET AGENT CLANK |
| 3145954 | SLY COOPER |
| 3149183 | TWISTED METAL |
| 5927189 | **BLOOD &TRUTH** |

| 2404325 |  |
|---------|----------------------|
| 6329559 |  |
| 4254118 |  |
| 4993920 |  |
| 4856474 |  |
| 3509850 |  |

10.    The above U.S. registrations for the PLAYSTATION Trademarks are valid, subsisting, in full force and effect, and many are incontestable pursuant to 15 U.S.C. § 1065.  The registrations for the PLAYSTATION Trademarks constitute *prima facie* evidence of their validity and of the exclusive right to use the PLAYSTATION Trademarks pursuant to 15 U.S.C. § 1057(b).

Incontestable status under 15 U.S.C. § 1065 provides that the registrations for the PLAYSTATION Trademarks are conclusive evidence of the validity of the PLAYSTATION Trademarks and of the registrations of the PLAYSTATION Trademarks, of ownership of the PLAYSTATION Trademarks, and of the exclusive right to use the PLAYSTATION Trademarks in commerce. 15 U.S.C. §§ 1115(b), 1065. True and correct copies of the United States Registration Certificates for the above-listed PLAYSTATION Trademarks are attached hereto as **Exhibit 1**.

11. The PLAYSTATION Trademarks signify to the purchaser that Genuine PlayStation® Products come from SIE and SIE Inc. and are manufactured to SIE and SIE Inc.'s quality standards. SIE and SIE Inc. ensure that products bearing the PLAYSTATION Trademarks are manufactured to the highest quality standards.

12. The PLAYSTATION Trademarks have been continuously used and never abandoned. The innovative marketing and product designs of the Genuine PlayStation® Products have enabled the PlayStation® Brand to achieve widespread recognition and fame. The widespread fame, outstanding reputation, and significant goodwill associated with the PlayStation® Brand have made the PLAYSTATION Trademarks valuable assets of SIE and SIE Inc.

13. SIE and SIE Inc. have expended substantial time, money, and other resources in advertising and promoting the PLAYSTATION Trademarks. In fact, SIE and SIE Inc. have expended millions of dollars in advertising, promoting, and marketing featuring the PLAYSTATION Trademarks. Genuine PlayStation® Products have also been the subject of extensive unsolicited publicity resulting from their high-quality, innovative designs. As a result, products bearing the PLAYSTATION Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from

SIE. Genuine PlayStation® Products have become among the most popular video game consoles, video games, peripheral products and associated consumer goods in the U.S. and the world. The PLAYSTATION Trademarks have achieved tremendous fame and recognition which has only added to the distinctiveness of the marks. For example, all five of the PlayStation® video game consoles rank in the top ten best selling video game consoles of all time worldwide with over 540 million units sold. As such, the goodwill associated with the PLAYSTATION Trademarks is of incalculable and inestimable value to SIE and SIE Inc.

14. SIE and SIE Inc. have also registered many of their video games (the "PlayStation® Copyrighted Works") with the United States Copyright Office, including under the titles "Astro Bot" (U.S. Copyright Registration No. PA0002506229), issued by the Register of Copyrights on October 1, 2024, "Astro Bot Rescue Mission" (U.S. Copyright Registration No. PA0002162863), issued by the Register of Copyrights on December 14, 2018, and "Astro's Playroom" (U.S. Copyright Registration No. PA0002280029), issued by the Register of Copyrights on January 11, 2021. A true and correct copy of the U.S. federal copyright registration certificates for the above-referenced PlayStation® Copyrighted Works is attached hereto as **Exhibit 2**.

15. Among the exclusive rights granted to SIE and SIE Inc. under the U.S. Copyright Act are the exclusive rights to reproduce, prepare derivative works of, distribute copies of, and display the PlayStation® Copyrighted Works to the public.

16. Since its first publication, the PlayStation® Copyrighted Works have been used on the Genuine PlayStation® Products.

17. SIE has been granted the right by SIE Inc. to bring and prosecute actions involving the PLAYSTATION Trademarks and the PlayStation® Copyrighted Works owned by SIE Inc. against Defendants in the United States for infringement via a business agreement.

18.     Genuine PlayStation® Products are distributed and sold to consumers through authorized retail channels throughout the United States, including through authorized retailers in Illinois.

**The Defendants**

19.     Defendants are individuals and business entities of unknown makeup who own and/or operate one or more of the e-commerce stores under at least the Seller Aliases identified on Schedule A and/or other seller aliases not yet known to SIE. On information and belief, Defendants reside and/or operate in the People's Republic of China or other foreign jurisdictions with lax trademark enforcement systems or redistribute products from the same or similar sources in those locations.  Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

20.     On information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed in Schedule A attached hereto.  Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for SIE to discover Defendants' true identities and the exact interworking of their network.  If Defendants provide additional credible information regarding their identities, SIE will take appropriate steps to amend the Complaint.

## IV. DEFENDANTS' UNLAWFUL CONDUCT

21.     The success of Plaintiff's brand has resulted in significant counterfeiting of Plaintiff's Trademarks and copying of the PlayStation® Copyrighted Works.  Consequently, Plaintiff has a worldwide anti-counterfeiting program and regularly investigates suspicious e-commerce stores identified in proactive Internet sweeps and reported by consumers.  In recent years, Plaintiff has identified many fully interactive, e-commerce stores offering Unauthorized

11

Products on online marketplace platforms such as Amazon, Temu, and Walmart, including the e-commerce stores operating under the Seller Aliases. The Seller Aliases target consumers in this Judicial District and throughout the United States. At last count, global trade in counterfeit and pirated goods was worth an estimated $467 billion per year — accounting for a staggering 2.3% of all imports, according to the Organization for Economic Cooperation and Development (the "OECD")[2] The primary source of all those counterfeits, the OECD and others say, is China.[3]

22. Third party service providers like those used by Defendants do not adequately subject new sellers to verification and confirmation of their identities, allowing counterfeiters to "routinely use false or inaccurate names and addresses when registering with these e-commerce platforms."[4] Counterfeiters hedge against the risk of being caught and having their websites taken down from an e-commerce platform by preemptively establishing multiple virtual store-fronts.[5] Since platforms generally do not require a seller on a third-party marketplace to identify the underlying business entity, counterfeiters can have many different profiles that can appear unrelated even though they are commonly owned and operated.[6] Further, "E-commerce

---

[2] *See* Press Release, *Organization for Economic Cooperation and Development, Global trade in fake goods reached USD 467 billion, posing risks to consumer safety and compromising intellectual property* (May 7, 2025), https://www.oecd.org/en/about/news/press-releases/2025/05/global-trade-in-fake-goods-reached-USD-467-billion-posing-risks-to-consumer-safety-and-compromising-intellectual-property.html.

[3] *Id*.; *See also, Intellectual Property Rights Seizure Statistics, Fiscal Year 2024*, U.S. Customs and Border Protection.

[4] *See* Daniel C.K. Chow, *Alibaba, Amazon, and Counterfeiting in the Age of the Internet*, 40 NW. J. INT'L L. & BUS. 157, 186 (2020); *see also* report on "Combating Trafficking in Counterfeit and Pirated Goods" prepared by the U.S. Department of Homeland Security's Office of Strategy, Policy, and Plans (Jan. 24, 2020), finding that on "at least some e-commerce platforms, little identifying information is necessary for a counterfeiter to begin selling" and recommending that "[s]ignificantly enhanced vetting of third-party sellers" is necessary.

[5] *Id.* at 22.

[6] *Id.* at 39.

platforms create bureaucratic or technical hurdles in helping brand owners to locate or identify sources of counterfeits and counterfeiters."[7]

23.     Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts and, on information and belief, have sold Unauthorized Products to residents of Illinois.

24.     Defendants concurrently employ and benefit from substantially similar advertising and marketing strategies.  For example, many Defendants facilitate sales by designing the e-commerce stores (including product detail pages) operating under the Seller Aliases so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. E-commerce stores operating under the Seller Aliases look sophisticated and accept payment in U.S. dollars and/or funds from U.S. bank accounts via credit cards, Alipay, Amazon Pay, and/or PayPal.  E-commerce stores operating under the Seller Aliases often include content and images that make it very difficult for consumers to distinguish such stores from an authorized retailer. SIE has not licensed or authorized Defendants to use any of the PLAYSTATION Trademarks and/or copy or distribute the PlayStation® Copyrighted Works, and none of the Defendants are authorized retailers of Genuine PlayStation® Products.

25.     Many Defendants also deceive unknowing consumers by using the PLAYSTATION Trademarks without authorization within the content, text, and/or meta tags of their e-commerce stores to attract various search engines crawling the Internet looking for websites relevant to consumer searches for Genuine PlayStation® Products.  Other e-commerce

---

[7] Chow, *supra* note 4, at 186-87.

stores operating under the Seller Aliases omit using the PLAYSTATION Trademarks in the item title to evade enforcement efforts while using strategic item titles and descriptions that will trigger their listings when consumers are searching for Genuine PlayStation® Products.

26.     E-commerce store operators like Defendants commonly engage in fraudulent conduct when registering the Seller Aliases by providing false, misleading, and/or incomplete information to e-commerce platforms to prevent discovery of their true identities and the scope of their e-commerce operation.

27.     E-commerce store operators like Defendants regularly register or acquire new seller aliases for the purpose of offering for sale and selling Unauthorized Products.  Such seller alias registration patterns are one of many common tactics used by e-commerce store operators like Defendants to conceal their identities and the full scope and interworking of their counterfeiting operation, and to avoid being shut down.

28.     Defendants are collectively causing harm to SIE's goodwill and reputation because the effect of their unlawful actions taken together amplifies each harm and creates a single negative consumer impression.  Defendants' activities, occurring at the same time and in the same retail space and manner as one another, blend together to create a single negative impression on consumers such that they constitute the same occurrence or series of occurrences.  The combination of all Defendants engaging in the same illegal activity in the same time span causes a collective harm to SIE in a way that individual actions, occurring alone, might not.

29.     E-commerce store operators like Defendants are in constant communication with each other and regularly participate in QQ.com chat rooms and through websites such as sellerdefense.cn and kuajingvs.com regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

14

30.     Counterfeiters such as Defendants typically operate under multiple seller aliases and payment accounts so that they can continue operation despite SIE or SIE Inc.'s enforcement. E-commerce store operators like Defendants maintain off-shore bank accounts and regularly move funds from their financial accounts to off-shore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to SIE.  Indeed, analysis of financial account transaction logs from previous similar cases indicates that off-shore counterfeiters regularly move funds from U.S.-based financial accounts to off-shore accounts outside the jurisdiction of this Court.

31.     Upon information and belief, Defendants are working to knowingly and willfully import, distribute, offer for sale, and sell Unauthorized Products in the same transaction, occurrence, or series of transactions or occurrences.  Defendants, without any authorization or license from SIE or SIE Inc., have knowingly and willfully used and continue to use the PLAYSTATION Trademarks and/or copies of the PlayStation® Copyrighted Works in connection with the advertisement, distribution, offering for sale, and sale of Unauthorized Products into the United States and Illinois over the Internet.

32.     Defendants' unauthorized use of the PLAYSTATION Trademarks and copies of the PlayStation® Copyrighted Works in connection with the advertising, distribution, offering for sale, and sale of Unauthorized Products, including the sale of Unauthorized Products into the United States, including Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming SIE.

**COUNT I**
**TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)**

33.     SIE hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

34.     This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of the federally registered PLAYSTATION Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods.  The PLAYSTATION Trademarks are highly distinctive marks. Consumers have come to expect the highest quality from Genuine PlayStation® Products offered, sold, or marketed under the PLAYSTATION Trademarks.

35.     Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products using counterfeit reproductions of the PLAYSTATION Trademarks without SIE's permission.

36.     SIE is the owner and/or exclusive licensee of the PLAYSTATION Trademarks. The United States Registrations for the PLAYSTATION Trademarks (**Exhibit 1**) are in full force and effect. On information and belief, Defendants have knowledge of SIE's rights in the PLAYSTATION Trademarks and are willfully infringing and intentionally using counterfeit versions of the PLAYSTATION Trademarks.  Defendants' willful, intentional, and unauthorized use of the PLAYSTATION Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Unauthorized Products among the general public.

37.     Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

38.     SIE has no adequate remedy at law and, if Defendants' actions are not enjoined, SIE will continue to suffer irreparable harm to its reputation and the goodwill of the PLAYSTATION Trademarks.

39.     The injuries and damages sustained by SIE have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Unauthorized Products.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

40.     SIE hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

41.     Defendants' promotion, marketing, offering for sale, and sale of Unauthorized Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with SIE or the origin, sponsorship, or approval of Defendants' Unauthorized Products by SIE.

42.     By using the PLAYSTATION Trademarks in connection with the Unauthorized Products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Unauthorized Products.

43.     Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Unauthorized Products to the general public involves the use of counterfeit marks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

44.     SIE has no adequate remedy at law and, if Defendants' actions are not enjoined, SIE will continue to suffer irreparable harm to its reputation and the goodwill of the PlayStation® Brand.

## COUNT III
## COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION
## (17 U.S.C. §§ 106 AND 501)

45.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

46.     The PlayStation® Copyrighted Works constitute original works and copyrightable subject matter pursuant to the Copyright Act, 17 U.S.C. §§ 101, *et seq*.

47.     Plaintiff is the owner and/or exclusive licensee of the PlayStation® Copyrighted Works. SIE and SIE Inc. have complied with the registration requirements of 17 U.S.C. § 411(a) for the PlayStation® Copyrighted Works. The PlayStation® Copyrighted Works are protected by Copyright Registration Nos. PA0002506229, PA0002162863, and PA0002280029 which were duly issued to SIE Inc. by the United States Copyright Office. At all relevant times, SIE has been and still is the owner and/or exclusive licensee of all rights, title, and interest in the PlayStation® Copyrighted Works, which have never been assigned, licensed, or otherwise transferred to Defendants.

48.     The PlayStation® Copyrighted Works are published on the Internet and available to Defendants online. As such, Defendants had access to the PlayStation® Copyrighted Works via the Internet.

49.     Without authorization from SIE, or any right under the law, Defendants have deliberately copied, displayed, distributed, reproduced, and/or made derivate works incorporating the PlayStation® Copyrighted Works on e-commerce stores operating under the Seller Aliases and the corresponding Unauthorized Products. Defendants' derivative works are virtually identical to and/or are substantially similar to the look and feel of the PlayStation® Copyrighted Works. Such conduct infringes and continues to infringe the PlayStation® Copyrighted Works in violation of 17 U.S.C. § 501(a) and 17 U.S.C. §§ 106(1)–(3), (5).

50.     Defendants reap the benefits of the unauthorized copying and distribution of the PlayStation® Copyrighted Works in the form of revenue and other profits that are driven by the sale of Unauthorized Products.

51.     Defendants have unlawfully appropriated SIE's protectable expression by taking material of substance and value and creating Unauthorized Products that capture the total concept and feel of the PlayStation® Copyrighted Works.

52.     On information and belief, the Defendants' infringement has been willful, intentional, purposeful, and in disregard of and with indifference to Plaintiff's rights.

53.     The Defendants, by their actions, have damaged Plaintiff in an amount to be determined at trial.

54.     Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a preliminary and permanent injunction prohibiting further infringement of the PlayStation® Copyrighted Works.

**PRAYER FOR RELIEF**

WHEREFORE, SIE prays for judgment against Defendants as follows:

1)  That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a.  using the PLAYSTATION Trademarks or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine

19

PlayStation® Product or is not authorized by SIE to be sold in connection with the PLAYSTATION Trademarks;

b. reproducing, distributing copies of, making derivative works of, or publicly displaying the PlayStation® Copyrighted Works in any manner without the express authorization of Plaintiff;

c. passing off, inducing, or enabling others to sell or pass off any product as a genuine PlayStation® Product or any other product produced by SIE, that is not SIE's or not produced under the authorization, control, or supervision of SIE and approved by SIE for sale under the PLAYSTATION Trademarks and/or the PlayStation® Copyrighted Works;

d. committing any acts calculated to cause consumers to believe that Defendants' Unauthorized Products are those sold under the authorization, control, or supervision of SIE, or are sponsored by, approved by, or otherwise connected with SIE;

e. further infringing the PLAYSTATION Trademarks and/or the PlayStation® Copyrighted Works and damaging SIE's goodwill; and

f. manufacturing, shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for SIE, nor authorized by SIE to be sold or offered for sale, and which bear any of SIE's trademarks, including the PLAYSTATION Trademarks and/or which bear the PlayStation® Copyrighted Works;

2) Entry of an Order that, upon SIE's request, those with notice of the injunction, including, without limitation, any online marketplace platforms such as Amazon, Temu, and Walmart (collectively, the "Third Party Providers") shall disable and cease displaying any

advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the PLAYSTATION Trademarks and/or which bear the PlayStation® Copyrighted Works;

3) That Defendants account for and pay to SIE all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the PLAYSTATION Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

4) In the alternative, that SIE be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the PLAYSTATION Trademarks;

5) As a direct and proximate result of Defendants' infringement of the PlayStation® Copyrighted Works, Plaintiff is entitled to damages as well as Defendants' profits, pursuant to 17 U.S.C. § 504(b);

6) Alternatively, and at Plaintiff's election prior to any final judgment being entered, Plaintiff is entitled to the maximum amount of statutory damages provided by law, $150,000 per work infringed pursuant to 17 U.S.C. § 504(c), or for any other such amount as may be proper pursuant to 17 U.S.C. § 504(c).

7) Plaintiff is further entitled to recover its attorneys' fees and full costs for bringing this action pursuant to 17 U.S.C. § 505 and 15 U.S.C. § 1117(a); and

8) Award any and all other relief that this Court deems just and proper.

Dated this 1st day of July 2025.          Respectfully submitted,

                                          /s/ Justin R. Gaudio
                                          Amy C. Ziegler
                                          Justin R. Gaudio
                                          Rachel S. Miller
                                          Lucas A. Peterson
                                          Greer, Burns & Crain, Ltd.
                                          200 W. Madison Street, Suite 2100
                                          Chicago, Illinois 60606
                                          312.360.0080 / 312.360.9315 (facsimile)
                                          aziegler@gbc.law
                                          jgaudio@gbc.law
                                          rmiller@gbc.law
                                          lpeterson@gbc.law

                                          *Counsel for Plaintiff*
                                          *Sony Interactive Entertainment LLC*