**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

SONY INTERACTIVE ENTERTAINMENT
LLC,

        Plaintiff,

v.

THE PARTNERSHIPS and
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

        Defendants.

Case No. 25-cv-07391

**Judge Matthew F. Kennelly**

**Magistrate Judge Young B. Kim**

**Declaration of Justin R. Gaudio**

**DECLARATION OF JUSTIN R. GAUDIO**

I, Justin R. Gaudio, of the City of Chicago, in the State of Illinois, declare as follows:

1. I am an attorney at law, duly admitted to practice before the United States District Court for the Northern District of Illinois. I am one of the attorneys for Plaintiff Sony Interactive Entertainment LLC ("Plaintiff" or "SIE"). Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify as follows:

2. According to a U.S. Customs and Border Protection (CBP) report, in 2024, CBP made over 32.3 million seizures of goods with intellectual property rights (IPR) violations totaling over $5.4 billion, an increase of $2.6 billion from 2023.[1] Over 97% of the IPR seizures came through de minimis shipments, most of which originated from China and Hong Kong.[2]

3. At last count, global trade in counterfeit and pirated goods was worth an estimated $467 billion per year — accounting for a staggering 2.3% of all imports, according to the Organization for Economic Cooperation and Development (the "OECD").[3] The primary source of all those counterfeits, the OECD and others say, is China.[4]

4. A February 2017 report commissioned by Business Action to Stop Counterfeiting and Piracy (BASCAP) and the International Trademark Association (INTA) entitled *The Economic*

---

[1] *See* INTELLECTUAL PROPERTY RIGHTS SEIZURE STATISTICS, FISCAL YEAR 2024, CBP PUB. 3964-0125, U.S. CUSTOMS BORDER PROT., https://www.cbp.gov/sites/default/files/2025-01/IntellectualPropertyRightsSeizureStatisticsFiscalYear2024%20FINAL.pdf (last modified Jan. 16, 2025).

[2] *Id.*

[3] *See* Press Release, Organization for Economic Cooperation and Development, *Global trade in fake goods reached USD 467 billion, posing risks to consumer safety and compromising intellectual property* (May 7, 2025), https://www.oecd.org/en/about/news/press-releases/2025/05/global-trade-in-fake-goods-reached-USD-467-billion-posing-risks-to-consumer-safety-and-compromising-intellectual-property.html.

[4] *Id.; See also, Intellectual Property Rights Seizure Statistics, Fiscal Year 2024*, U.S. Customs and Border Protection.

*Impacts of Counterfeiting and Piracy* included findings that counterfeit and pirated products account for billions in economic losses, resulting in tens of thousands of lost jobs for legitimate businesses and broader economic losses, including lost tax revenue.[5]

5. In my experience in combating online infringement over the last ten years, I have observed infringers using a variety of tactics to evade enforcement efforts. Specifically, infringers like Defendants in the present case will often register new e-commerce stores under new aliases once they receive notice of a lawsuit.

6. In my experience, once notice of a lawsuit is received, infringers such as Defendants move funds from their financial accounts to offshore bank accounts outside the jurisdiction of this Court. Financial account transaction logs that I have reviewed in previous similar cases indicate that infringers transfer and/or attempt to transfer funds to offshore accounts outside the jurisdiction of this Court once they have received notice of a lawsuit. This includes the following specific examples from factually similar cases.

7. In 2018, I was one of the attorneys representing the Plaintiffs Volkswagen AG, Volkswagen Group of America, Inc., and Audi AG in a case where the Court found that defendants took deliberate action to avoid the asset restraint. At Plaintiffs' motion for an asset restraint hearing on December 6, 2018, defendants' counsel represented that at least $26,000 would remain in the PayPal account at issue until the next hearing on December 12, 2018. Between December 6, 2018, and December 12, 2018, defendants' PayPal accounts balance was reduced from $61,200 to approximately $26,500. The asset restraint was reinstated at the December 12, 2018, hearing. However, shortly after the December 12, 2018, hearing and before plaintiffs

---

[5] FRONTIER ECON., INT'L CHAMBER COM. BUS. ACTION TO STOP COUNTERFEITING & PIRACY & INT'L TRADEMARK ASS'N, THE ECONOMIC IMPACTS OF COUNTERFEITING AND PIRACY (2017), https://www.inta.org/wp-content/uploads/public-files/perspectives/industry-research/2017_Frontier_Report.pdf.

could effectuate the reinstated asset restraint, defendants withdrew $20,000 from the PayPal account. Defendants' counsel later withdrew from representation, and defendants did not file a response to plaintiffs' motion for summary judgment. Judgment in the amount of $200,000 was entered. Defendants have not satisfied the judgment beyond the restrained funds.

8. In 2017, I represented PopSockets LLC in a case where a defendant's PayPal account was restrained with an initial balance of $1,611,921. The PayPal account was released with the expectation that defendant would not be able to withdraw several hundred thousand dollars that were being held for potential consumer chargebacks. However, there was a misunderstanding with PayPal and defendant reduced the account balance from $1,611,921 to $36,469 after receiving notice of the lawsuit. This defendant did not appear in the case, and default and default judgment were entered against the defendant.

9. In 2019, a PayPal account linked to defendants in three different cases where I represented each of the Plaintiffs, Deckers Outdoor Corporation, Patagonia, Inc., and Gianni Versace, S.p.A., was restrained with an initial balance of $2,109,244. However, due to a miscommunication with PayPal, the PayPal account was improperly released for all three cases. Shortly after the account was released, defendants reduced the account balance from $2,109,244 to $194,508 by transferring funds to an external bank account.

10. In my experience, even when defendants are not able to withdraw funds from the accounts, defendants employ other tactics to evade asset restraints. For example, in a case where I represented Monster Energy Company, defendant's PayPal account was restrained with an initial balance of $72,370. Defendant obtained counsel and filed a motion to dismiss. Defendant's motion to dismiss was denied, and subsequently defendant's counsel withdrew from the case. When defendant failed to obtain new counsel or file an answer as ordered by

4

the Court, default and default judgment were entered against the defendant. However, during the lawsuit defendant covertly coordinated with buyers to initiate chargebacks that reduced the account to a negative balance of -$17,657.

11. In a case filed in 2024, I was one of the attorneys representing the Plaintiff Manchester United Football Club Limited. Three defendants obtained counsel and filed a motion to vacate the asset restraint, which the Court granted, and the defendants withdrew their funds from the formerly restrained accounts. Later in the case, the defendants filed a motion to dismiss for lack of personal jurisdiction. After the Court denied the defendants' motion to dismiss, the defendants failed to file an answer or otherwise plead. The Court entered default and default judgment against the three defendants.

12. For these reasons, in the absence of an *ex parte* Order, Defendants could and likely would move any assets from accounts in financial institutions subject to this Court's jurisdiction to off-shore accounts.

13. Based on my research, there is no treaty between the United States and China establishing recognition of judgments from United States courts in China.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 3rd day of July 2025 at Chicago, Illinois.

/s/ Justin R. Gaudio
Justin R. Gaudio
*Counsel for Plaintiff*
*Sony Interactive Entertainment LLC*