IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SONY INTERACTIVE ENTERTAINMENT LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TREEPERI DECOR, et al.,<br><br>　　　　Defendants. | Case No. 25-cv-07391<br><br>**Judge Matthew F. Kennelly**<br><br>**Magistrate Judge Young B. Kim** |

**PLAINTIFF'S MOTION TO COMPEL
AND STAY THE BRIEFING SCHEDULE**

Plaintiff Sony Interactive Entertainment LLC ("Plaintiff" or "SIE") moves this Court, pursuant to Rule 37 of the Federal Rules of Civil Procedure, to compel Defendant WAWSAM (Def. No. 12) ("Defendant") to respond fully to Plaintiff's First Set of Interrogatories, First Set of Requests for Admissions, Plaintiff's First Set of Requests for the Production of Documents and Things, and to produce documents responsive to Plaintiff's First Set of Requests for the Production of Documents and Things. Plaintiff also requests this Court stay the briefing schedule [54] until Defendant fully responds to the discovery requests.

**BACKGROUND AND LOCAL RULE 37.2 MEET AND CONFER CERTIFICATION**

Defendant owns and operates multiple e-commerce stores on Amazon.com ("Amazon") (the "Defendant's Internet Stores"), where it advertised, offered for sale, and sold unauthorized products using and bearing infringing and counterfeit versions of Plaintiff's PLAYSTATION Trademarks ("Unauthorized Products"). *See* Declaration of Lucas A. Peterson ("Peterson Decl.") at ¶ 2. A comparison between Defendant's Unauthorized Product and the PLAYSTATION Trademarks is shown in Figure 1 below (emphasis added). *Id*.; [17-1] at pp. 40-42.



*Figure 1*

At least one of Defendant's other stores, identified as "NUEDOT," also sold Unauthorized Products and was named as a defendant in *Sony Interactive Entertainment LLC v. The P'ships, et al.*, Case No. 25-cv-07312 (N.D. Ill. Oct. 8, 2025).[1] *Id.* at ¶ 3. Together, Defendant's two stores have infringing sales of at least $90,993. *Id.*

On July 7, 2025, this Court entered a Temporary Restraining Order (the "TRO") [22], which was converted to a Preliminary Injunction (the "PI") [36] on July 31, 2025. The TRO

---

[1] Counsel for Defendant has acknowledged shared ownership of both stores.

authorized Plaintiff to issue expedited written discovery to Defendant via e-mail, with Defendant's responses due within three business days. [22] at ¶ 6. On July 18, 2025, Plaintiff served its First Set of Interrogatories,[2] First Set of Requests for Admissions,[3] and First Set of Requests for Production[4] (collectively, the "First Discovery Requests") on Defendant. *See* Peterson Decl. at ¶ 4. The deadline for Defendant to respond to Plaintiff's First Discovery Requests was July 23, 2025. *Id*. On September 9, 2025, Defendant filed its Motion to Dissolve the Preliminary Injunction [44] (the "Motion"), which misrepresents the nature of the product at issue.[5] *Id*. at ¶ 5; [44]. Defendant appeared in this case on September 9, 2025. [45]. Defendant has not disclosed their affiliates under Local Rule 3.2. *Id*. at ¶ 4.

On September 17, 2025, Plaintiff held a Local Rule 37.2 meet-and-confer conference with Defendant's counsel. *See* Peterson Decl. at ¶ 6. At the conference, Defendant's counsel indicated they would provide responses to Plaintiff's First Discovery Requests by September 22, 2025. *Id.* Plaintiff received Defendant's responses on October 1, 2025. *Id*. Defendant's October 1, 2025, responses are deficient as they fail to provide a response to any of Plaintiff's requests, object to every request on unsupported and unwarranted grounds, and fail to produce a single document.[6] *Id*. at ¶ 7. The same day, Plaintiff sent Defendant a letter outlining the deficiencies and requested a meet-and-confer conference. *Id*.

---

[2] Attached hereto as **Exhibit 1**.
[3] Attached hereto as **Exhibit 2**.
[4] Attached hereto as **Exhibit 3**.
[5] Defendant's Motion states repeatedly that the product is a "towel" and with video game controller buttons "labeled A/B/X/Y, letters commonly associated with non-Sony controllers and clearly different from PlayStation's well-known triangle, circle, square, and cross symbols[.]" *See* [44] at p. 5. As shown in Figure 1 above, the product is not a towel, but a face mask, and does feature "PlayStation's well-known triangle, circle, square, and cross symbols." *Id*.; Figure 1, *supra*. Plaintiff has requested that Defendant correct the false statement in its Motion on at least four separate occasions. *See* Peterson Decl. at ¶ 5.
[6] Attached hereto as **Exhibit 4** are Defendant's responses to Plaintiff's First Set of Discovery Requests. There were no documents produced. *See* Peterson Decl. at ¶ 4.

Plaintiff and Defendant held a second Local Rule 37.2 meet-and-confer conference on October 3, 2025, to discuss deficiencies in Defendant's responses to Plaintiff's First Discovery Requests. *See* Peterson Decl. at ¶ 8. Defendant agreed that it would supplement its responses by October 10, 2025, and agreed to extend the briefing schedule on Defendant's Motion. *Id*. Defendant also indicated that it would be moving to amend its Motion last week. *Id*. As of the time of filing this motion, Defendant has failed to serve full and complete responses to Plaintiff's First Discovery Requests. *Id*. at ¶¶ 7-8. Defendant has also failed to correct the numerous false statements made in its Motion, despite multiple requests and promises to do so.[7]

Pursuant to Local Rule 37.2, Plaintiff certifies that the movant has in good faith attempted to confer with the parties failing to act in an effort to obtain the responses without court action.

## ARGUMENT

I. **Legal Standard**

Discovery under the Federal Rules of Civil Procedure "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978). This standard envisions and requires open, far-reaching discovery. *See United States v. Farley,* 11 F.3d 1385, 1390 (7th Cir. 1993) ("The Federal Rules of Civil Procedure contemplate broad discovery"). Also, Rule 37 provides that a party may seek to compel discovery in situations where a responding party refuses to provide requested documents or information. Fed. R. Civ. P. 37(a)(3)(B)(iv).

---

[7]*Supra* n.5.

### II. Defendant Should Be Required to Provide Complete Responses to Plaintiff's First Discovery Requests

Defendant has refused to produce complete written responses and documents to Plaintiff's First Discovery Requests. Plaintiff only has listing and sales information for a single Amazon product listing for Defendant's WAWSAM store. *See* Peterson Decl. at ¶¶ 2-3, 9. Plaintiff does not have, and neither the platform nor Defendant have provided, information or documents about Defendant's identity, business operations, sales, any other products or stores, any other financial accounts that receive payments or hold assets for Defendant besides Amazon, other stores operated by Defendant[8] (outside of the store named in Case No. 25-cv-7312, which counsel for Defendant has indicated is owned by the same entity), or Defendant's search methodology and procedures for determining whether a product offered for sale was an Infringing Product. *Id*. at ¶ 9. Plaintiff cannot determine Defendant's sales of infringing products, and this information is solely within Defendant's possession. *Id*. Plaintiff's First Discovery Requests include numerous requests for information and documentation that are necessary for Plaintiff to ascertain the size and scope of Defendant's sales of Infringing Products.

Defendant has also failed to conduct a search to determine how many total infringing products were sold on Defendant's Internet Stores or on any of the other e-commerce stores that Defendant may operate. *See* Peterson Decl. at ¶ 9. Likewise, Defendant has not disclosed whether Defendant had other infringing listings that were no longer active at the time Plaintiff learned of Defendant's infringement. *Id*. Defendant has not turned over images and information regarding other product listings so that Plaintiff could review and determine if any additional products were infringing. *Id*. It is not unreasonably burdensome for Defendant to perform a

---

[8] Defendant has not provided any further information on this alleged relationship between the stores, who the common owner is, or any additional stores not currently named in a lawsuit, and has not filed a Local Rule 3.2 Notification of Affiliates. *See* Peterson Decl. at ¶¶ 2, 9.

search and provide information and documentation regarding products that were listed for sale on its Amazon stores. *See Volkswagen Group of America, Inc. v. The P'ships & Unincorporated Ass'ns Identified on Schedule "A", et. al.*, No. 21-cv-04758 (N.D. Ill. July 1, 2022) (unpublished) (Dkt. Nos. 66-67) (Kennelly, J.) (ordering Amazon.com store operator defendant to produce information for all products that were advertised and offered for sale on its e-commerce store within the previous year, including images of the products, prices, and sales data). Defendant also failed to produce any "documentary proof that particular assets are not the proceeds of counterfeiting activities." *Delta Tech. Dev. LLC v. Bigjoys & Seasonblows.com*, 2024 U.S. Dist. LEXIS 142805, at *16 (N.D. Ill. Aug. 12, 2024).

Defendant's Motion seeks to dissolve the PI based on conclusory self-serving statements without providing any documentary evidence. *See* [44]. Defendant has not produced any documents nor given any information in its written responses to Plaintiff's First Discovery Requests. *See* Peterson Decl. at ¶ 7. Therefore, all claims made in Defendant's Motion remain unverified. The Court should not permit Defendant to disregard its discovery obligations. Accordingly, Plaintiff requests that the Court compel Defendant to completely and fully respond to Plaintiff's First Discovery Requests.

## **CONCLUSION**

For the forgoing reasons, Plaintiff respectfully requests the Court to compel Defendant to completely and fully respond to Plaintiff's First Discovery Requests. Plaintiff also requests this Court stay the briefing schedule [53] until Defendant fully responds to Plaintiff's First Discovery Requests since it is essential for responding to Defendant's Motion.

Dated this 13th day of October 2025.

Respectfully submitted,

/s/ Rachel S. Miller
Amy C. Ziegler
Justin R. Gaudio
Rachel S. Miller
Lucas A. Peterson
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
rmiller@gbc.law
lpeterson@gbc.law

*Counsel for Plaintiff*
*Sony Interactive Entertainment LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of October 2025, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically notify all counsel of record.

/s/ Rachel S. Miller
Amy C. Ziegler
Justin R. Gaudio
Rachel S. Miller
Lucas A. Peterson
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
rmiller@gbc.law
lpeterson@gbc.law

*Counsel for Plaintiff*
*Sony Interactive Entertainment LLC*