**IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SONY INTERACTIVE ENTERTAINMENT LLC, | Case No. 1: 25-cv-07391 |
| Plaintiff, | **Judge Matthew F. Kennelly** |
| v. | **Magistrate Judge Young B. Kim** |
| THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | |
| Defendants. | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

Defendant WAWSAM ("Defendant"), by and through its counsel of record, respectfully submits this Opposition to Plaintiff's Motion to Compel Discovery Responses, and states as follows:

## I.    INTRODUCTION

Plaintiff's Motion to Compel should be denied because Defendant has already served supplemental responses on October 21, 2025. Moreover, Plaintiff's counsel appears to be using the discovery process to harass Defendant. While a brief extension to allow Defendant to complete its supplemental responses would have been reasonable, Plaintiff's counsel instead chose to escalate the matter by filing this motion — an issue that could have been easily resolved through professional communication.

## II.    BACKGROUND

Following the parties' meet-and-confer discussions on September 17 and October 3, 2025, Defendant served its initial responses to Plaintiff's discovery requests on October 1, 2025. (See

1

Declaration of Marjorie Ouyang ("Ouyang Decl.") ¶¶ 2–3.)

While Defendant's counsel was preparing the supplemental responses, Defendant's person most knowledgeable ("PMK"), who was traveling overseas, became unreachable due to the local riots. As a result, Defendant's counsel was unable to obtain additional materials to supplement those responses within the original timeframe. (Ouyang Decl. ¶ 2.)

Defendant's counsel explained the situation to Plaintiff's counsel, asking for additional time to respond to the discovery requests. Yet, Plaintiff's counsel rejected the reasonable requests and chose to escalate the matter by filing the Motions to Compel on October 10, 2025.

Since then, Defendant's PMK has returned and immediately met with counsel. Defendant has now provided substantial supplemental responses to Plaintiff's discovery requests on October 21, 2025. True and correct copies of Defendant's supplemental discovery responses, served on October 21, 2025, are attached hereto as **Exhibit A**.

### III.     ARGUMENT

#### A.     Plaintiff's Motions Are Moot

Plaintiff's Motions to Compel are moot because Defendant has already served its substantial supplemental responses on October 21, 2025. Defendant's supplemental responses fully addressed all of Plaintiff's discovery requests and produced corresponding documents, even though Plaintiff's requests were duplicative, compound, confusing, and imposed an unreasonable burden on Defendant to provide answers or responsive materials.

Defendant acted in good faith to provide the responses based on the information and documents currently available. Accordingly, there are no outstanding issues under Plaintiff's Motions to Compel, and those motions should therefore be denied as moot.

#### B.     Plaintiff's Counsel is Using Discovery to Harass Defendant

Under Federal Rule of Civil Procedure 37(a)(1), a party filing a motion to compel must certify that it has made a good-faith effort to resolve the discovery dispute without court intervention. Here, Defendant has cooperated in good faith throughout the whole process, including serving the initial responses, participating in the multiple meet and confer discussions, informing Plaintiff's counsel of current situation, and requesting a brief extension. Defendant's sole intent was to resolve this dispute amicably, without wasting the parties' or the Court's resources, time, or energy.

However, Plaintiff and his counsel insisted on filing the Motions to compel even after Defendant's counsel clearly advised that supplemental responses would be provided as soon as Defendant's PMK returned. Such conduct demonstrates an improper use of discovery procedures intended to pressure and harass Defendant, rather than to resolve the issue in good faith.

### C. Conclusion

For the reason stated above, Defendant respectfully requests that the Court deny Plaintiff's Motions to Compel in their entirety. Defendant has already provided substantial supplemental responses. Plaintiff's motions are therefore moot and reflect an improper use of discovery procedures intended to harass and burden Defendant.


Dated October 21, 2025.

Respectfully submitted
By: /s/ *Marjorie Ouyang*
One Park Plaza, #600
Irvine, CA 92614
Marjorie.Ouyang@valleysummitlaw.com
*Attorney for Defendant WAWSAM*

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for Defendants and all CM/ECF participants.

Dated October 21, 2025.

Respectfully submitted
By: /s/ *Marjorie Ouyang*
One Park Plaza, #600
Irvine, CA 92614
Marjorie.Ouyang@valleysummitlaw.com
*Attorney for Defendant WAWSAM*

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

SONY INTERACTIVE ENTERTAINMENT LLC,

           Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

           Defendants.

Case No. 25-cv-07391

**Judge Matthew F. Kennelly**

**Magistrate Judge Young B. Kim**

### DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION

Defendant WAWSAM, by and through its undersigned counsel, hereby provides the following Supplemental Responses to Plaintiff Sony Interactive Entertainment LLC's ("Plaintiff" or "SIE") First Set of Requests for Admission:

### RESPONSES TO REQUESTS FOR ADMISSION

**Request for Admission No. 1:**

Admit that You offered for sale Accused Products to Illinois.

**Response to Request for Admission No. 1:**

Defendant objects to this Request on the grounds that it is vague, ambiguous, and undefined as to the term "Accused Products," and further calls for a legal conclusion regarding the applicability of sales "to Illinois." Defendant further objects on the grounds that the Request seeks information not within Defendant's present knowledge at this stage of litigation and is premature.

1

Subject to and without waiving these objections, and pursuant to Rule 36(a)(4), Defendant states that after reasonable inquiry, the information known or readily obtainable is insufficient to enable Defendant to admit or deny this Request. Accordingly, Defendant denies the Request.

**Supplemental Response to Request for Admission No. 1:**

Defendant answers that it did not intend to offer sales of Accused Products to Illinois, however, the products were offered for sale on Amazon.com that is understood to target the entire United States.

**Request for Admission 2.**

Admit that You sold Accused Products to a buyer with an Illinois shipping address.

**Response to Request for Admission No. 2:**

Defendant objects to this Request on the grounds that it is vague, ambiguous, and undefined as to the term "Accused Products," and further calls for a legal conclusion regarding the characterization of sales "to a buyer with an Illinois shipping address." Defendant further objects on the grounds that this Request assumes facts not established, is overbroad, and seeks information not within Defendant's present knowledge at this early stage of litigation and is premature pending discovery.

Subject to and without waiving these objections, and pursuant to Rule 36(a)(4) of the Federal Rules of Civil Procedure, Defendant states that, after reasonable inquiry, the information known or readily obtainable is insufficient to enable Defendant to admit or deny this Request. Accordingly, Defendant denies the Request.

**Supplemental Response to Request for Admission No. 2:**

Defendant admits that it sold Accused Products to a buyer with an Illinois shipping

2

address.

**Request for Admission 3.**

Admit that You accepted money for Accused Products from a buyer with an Illinois shipping address.

**Response to Request for Admission No. 3:**

Defendant objects to this Request on the grounds that it is vague, ambiguous, and undefined as to the term "Accused Products," and further calls for a legal conclusion regarding the characterization of sales "to a buyer with an Illinois shipping address." Defendant further objects on the grounds that this Request assumes facts not established, is overbroad, and seeks information not within Defendant's present knowledge at this early stage of litigation and is premature pending discovery.

Subject to and without waiving these objections, and pursuant to Rule 36(a)(4) of the Federal Rules of Civil Procedure, Defendant states that, after reasonable inquiry, the information known or readily obtainable is insufficient to enable Defendant to admit or deny this Request. Accordingly, Defendant denies the Request.

**Supplemental Response to Request for Admission No. 3:**

Defendant admits that it accepted money for Accused Products from a buyer with an Illinois shipping address.

**Request for Admission 4.**

Admit that You shipped Accused Products to an Illinois address.

**Response to Request for Admission No. 4:**

Defendant objects to this Request on the grounds that it is vague, ambiguous, and undefined as to the term "Accused Products," and further calls for a legal conclusion regarding

3

the alleged shipment "to an Illinois address." Defendant further objects on the grounds that this Request assumes facts not established, is overbroad, and seeks information not within Defendant's present knowledge at this early stage of litigation and is premature pending discovery.

Subject to and without waiving these objections, and pursuant to Rule 36(a)(4) of the Federal Rules of Civil Procedure, Defendant states that, after reasonable inquiry, the information known or readily obtainable is insufficient to enable Defendant to admit or deny this Request. Accordingly, Defendant denies the Request.

**Supplemental Response to Request for Admission No. 4:**

Defendant admits that it shipped Accused Products to an Illinois address**.**

**Request for Admission 5.**

Admit that You offered for sale Accused Products to the United States.

**Response to Request for Admission No. 5:**

Defendant objects to this Request on the grounds that it is vague, ambiguous, and undefined as to the term "Accused Products," and further calls for a legal conclusion regarding the alleged "offer for sale" of products "to the United States." Defendant further objects on the grounds that this Request is overbroad, assumes facts not established, seeks information not within Defendant's present knowledge at this early stage of litigation, and is premature pending discovery.

Subject to and without waiving these objections, and pursuant to Rule 36(a)(4) of the Federal Rules of Civil Procedure, Defendant states that, after reasonable inquiry, the information known or readily obtainable is insufficient to enable Defendant to admit or deny this Request. Accordingly, Defendant denies the Request.

**Supplemental Response to Request for Admission No. 5:**

Defendant answers that it did not intend to offer sales of Accused Products to Illinois, however, the products were offered for sale on Amazon.com that is understood to target the entire United States

**Request for Admission 6.**

Admit that You sold Accused Products to buyers in the United States.

**Response to Request for Admission No. 6:**

Defendant objects to this Request on the grounds that it is vague, ambiguous, and undefined as to the term "Accused Products," and further calls for a legal conclusion regarding the alleged "sale" of products "to buyers in the United States." Defendant further objects on the grounds that this Request is overbroad, assumes facts not established, seeks information not within Defendant's present knowledge at this early stage of litigation, and is premature pending discovery.

Subject to and without waiving these objections, and pursuant to Rule 36(a)(4) of the Federal Rules of Civil Procedure, Defendant states that, after reasonable inquiry, the information known or readily obtainable is insufficient to enable Defendant to admit or deny this Request. Accordingly, Defendant denies the Request.

**Supplemental Response to Request for Admission No. 6:**

Defendant admits that it sold Accused Products to buyers in the United States.

**Request for Admission 7.**

Admit that You accepted money for Accused Products from a buyer in the United States.

**Response to Request for Admission No. 7:**

Defendant objects to this Request on the grounds that it is vague, ambiguous, and

undefined as to the term "Accused Products," and further calls for a legal conclusion regarding the alleged "acceptance of money" from "a buyer in the United States." Defendant further objects on the grounds that this Request assumes facts not established, is compound and overbroad, seeks information not within Defendant's present knowledge at this early stage of litigation, and is premature pending discovery.

Subject to and without waiving these objections, and pursuant to Rule 36(a)(4) of the Federal Rules of Civil Procedure, Defendant states that, after reasonable inquiry, the information known or readily obtainable is insufficient to enable Defendant to admit or deny this Request. Accordingly, Defendant denies the Request.

**Supplemental Response to Request for Admission No. 7:**

Defendant admits that it accepted money for Accused Products from a buyer in the United States.

**Request for Admission 8.**

Admit that You shipped Accused Products to the United States.

**Response to Request for Admission No. 8:**

Defendant objects to this Request on the grounds that it is vague, ambiguous, and undefined as to the term "Accused Products," and further calls for a legal conclusion regarding the alleged "shipment" of products "to the United States." Defendant further objects on the grounds that this Request is overbroad, assumes facts not established, seeks information not within Defendant's present knowledge at this early stage of litigation, and is premature pending discovery.

Subject to and without waiving these objections, and pursuant to Rule 36(a)(4) of the Federal Rules of Civil Procedure, Defendant states that, after reasonable inquiry, the information

known or readily obtainable is insufficient to enable Defendant to admit or deny this Request. Accordingly, Defendant denies the Request.

**Supplemental Response to Request for Admission No. 8:**

Defendant admits that he shipped Accused Products to the United States.

**Request for Admission 9.**

Admit that You chose to offer to sell and sell products to the United States when setting up Defendant's E-commerce Store.

**Response to Request for Admission No. 9:**

Defendant objects to this Request on the grounds that it is vague, ambiguous, and undefined as to the terms "products," "offer to sell," "sell," and "E-commerce Store." Defendant further objects on the grounds that the Request is compound, assumes facts not established, seeks a legal conclusion regarding the alleged offering or sale of products "to the United States," and is overbroad and premature pending discovery.

Subject to and without waiving these objections, and pursuant to Rule 36(a)(4) of the Federal Rules of Civil Procedure, Defendant states that, after reasonable inquiry, the information known or readily obtainable is insufficient to enable Defendant to admit or deny this Request. Accordingly, Defendant denies the Request.

**Supplemental Response to Request for Admission No. 9:**

Defendant objects to this Request on the grounds that it is vague, ambiguous, and undefined as to the terms "products," "offer to sell," "sell," and "E-commerce Store." Defendant further objects on the grounds that the Request is compound, assumes facts not established, seeks a legal conclusion regarding the alleged offering or sale of products "to the United States," and is overbroad and premature pending discovery.

.

**Request for Admission 10.**

Admit that You chose to offer to sell and sell products to Illinois when setting up Defendant's E-commerce Store.

**Response to Request for Admission No. 10:**

Defendant objects to this Request on the grounds that it is vague, ambiguous, and undefined as to the terms "products," "offer to sell," "sell," and "E-commerce Store." Defendant further objects on the grounds that the Request is compound, assumes facts not established, seeks a legal conclusion regarding the alleged offering or sale of products "to Illinois," and is overbroad and premature pending discovery.

Subject to and without waiving these objections, and pursuant to Rule 36(a)(4) of the Federal Rules of Civil Procedure, Defendant states that, after reasonable inquiry, the information known or readily obtainable is insufficient to enable Defendant to admit or deny this Request. Accordingly, Defendant denies the Request.

**Supplemental Response to Request for Admission No. 10:**

Defendant admits that he chose to offer to sell and sell products to Illinois when setting up Defendant's E-commerce Store.

**Request for Admission 11.**

Admit that You entered into a contract with an online marketplace, including accepting the terms that the online marketplace imposes on sellers.

**Response to Request for Admission No. 11:**

Defendant objects to this Request on the grounds that it is vague, ambiguous, and undefined as to the terms "contract," "online marketplace," and "terms … imposes on sellers."

Defendant further objects on the grounds that the Request is compound, assumes facts not established, seeks a legal conclusion regarding the alleged formation and enforceability of a "contract," and is overbroad and premature pending discovery.

Subject to and without waiving these objections, and pursuant to Rule 36(a)(4) of the Federal Rules of Civil Procedure, Defendant states that, after reasonable inquiry, the information known or readily obtainable is insufficient to enable Defendant to admit or deny this Request. Accordingly, Defendant denies the Request.

**Supplemental Response to Request for Admission No. 11:**

Defendant objects to this Request on the grounds that it is vague, ambiguous, and undefined as to the terms "contract," "online marketplace," and "terms … imposes on sellers." Defendant further objects on the grounds that the Request is compound, assumes facts not established, seeks a legal conclusion regarding the alleged formation and enforceability of a "contract," and is overbroad and premature pending discovery. Defendant also objects to the Request that the Request is compound.

**Request for Admission 12.**

Admit that Defendant's E-commerce Store affirmatively displayed Illinois as a state to which You would ship products.

**Response to Request for Admission No. 12:**

Defendant objects to this Request on the grounds that it is vague, ambiguous, and undefined as to the terms "E-commerce Store," "affirmatively displayed," and "products." Defendant further objects on the grounds that this Request assumes facts not established, seeks a legal conclusion regarding the alleged display of shipping options "to Illinois," is compound and overbroad, and is premature pending discovery.

9

Subject to and without waiving these objections, and pursuant to Rule 36(a)(4) of the Federal Rules of Civil Procedure, Defendant states that, after reasonable inquiry, the information known or readily obtainable is insufficient to enable Defendant to admit or deny this Request. Accordingly, Defendant denies the Request.

**Supplemental Response to Request for Admission No. 12:**

Defendant objects to this Request on the grounds that it is vague, ambiguous, and undefined as to the terms "E-commerce Store," "affirmatively displayed," and "products." Defendant further objects on the grounds that this Request assumes facts not established, seeks a legal conclusion regarding the alleged display of shipping options "to Illinois," is compound and overbroad, and is premature pending discovery.

**Request for Admission 13.**

Admit that Defendant's E-commerce Store did not exclude shipping to Illinois.

**Response to Request for Admission No. 13:**

Defendant objects to this Request on the grounds that it is vague, ambiguous, and undefined as to the terms "E-commerce Store," "exclude," and "shipping." Defendant further objects on the grounds that this Request assumes facts not established, seeks a legal conclusion regarding the alleged availability or exclusion of shipping "to Illinois," is compound and overbroad, and is premature pending discovery.

Subject to and without waiving these objections, and pursuant to Rule 36(a)(4) of the Federal Rules of Civil Procedure, Defendant states that, after reasonable inquiry, the information known or readily obtainable is insufficient to enable Defendant to admit or deny this Request. Accordingly, Defendant denies the Request.

**Supplemental Response to Request for Admission No. 13:**

1

Defendant admits that Defendant's E-commerce Store did not exclude shipping to Illinois.

**Request for Admission 14.**

Admit that Defendant's E-commerce Store did not exclude shipping to the United States.

**Response to Request for Admission No. 14:**

Defendant objects to this Request on the grounds that it is vague, ambiguous, and undefined as to the terms "E-commerce Store," "exclude," and "shipping." Defendant further objects on the grounds that this Request assumes facts not established, seeks a legal conclusion regarding the alleged availability or exclusion of shipping "to Illinois," is compound and overbroad, and is premature pending discovery.

Subject to and without waiving these objections, and pursuant to Rule 36(a)(4) of the Federal Rules of Civil Procedure, Defendant states that, after reasonable inquiry, the information known or readily obtainable is insufficient to enable Defendant to admit or deny this Request. Accordingly, Defendant denies the Request.

**Supplemental Response to Request for Admission No. 14:**

Defendant admits that Defendant's E-commerce Store did not exclude shipping to the United States.

**Request for Admission 15.**

Admit that You received an e-mail from Plaintiff that contained a link to a website with the Complaint and TRO.

**Response to Request for Admission No. 15:**

Defendant objects to this Request on the grounds that it is vague and ambiguous as to the terms "received," "link," "website," and "TRO." Defendant further objects on the grounds that

1

this Request assumes facts not established, seeks information not within Defendant's present knowledge, and is premature pending discovery.

Subject to and without waiving these objections, and pursuant to Rule 36(a)(4) of the Federal Rules of Civil Procedure, Defendant states that, after reasonable inquiry, the information known or readily obtainable is insufficient to enable Defendant to admit or deny this Request. Accordingly, Defendant denies the Request.

**Supplemental Response to Request for Admission No. 15:**

Defendant admits that when the current undersigned attorney substituted into this case, the current undersigned attorney received an e-mail from Plaintiff's attorney that contained a link to a website with the Complaint and TRO.

**Request for Admission 16.**

Admit that the linked website with the Complaint and TRO shows the response deadline for the Lawsuit.

**Response to Request for Admission No. 16:**

Defendant objects to this Request on the grounds that it is vague, ambiguous, and undefined as to the terms "linked website," "Complaint," "TRO," and "response deadline." Defendant further objects on the grounds that this Request calls for a legal conclusion regarding any purported deadline in this case, assumes facts not established, and is premature pending discovery.

Subject to and without waiving these objections, and pursuant to Rule 36(a)(4) of the Federal Rules of Civil Procedure, Defendant states that, after reasonable inquiry, the information known or readily obtainable is insufficient to enable Defendant to admit or deny this Request. Accordingly, Defendant denies the Request.

1

**Supplemental Response to Request for Admission No. 16:**

Defendant objects to this Request on the grounds that it is vague, ambiguous, and undefined as to the terms "linked website," "Complaint," "TRO," and "response deadline." Defendant further objects on the grounds that this Request calls for a legal conclusion regarding any purported deadline in this case, assumes facts not established, and is premature pending discovery.

Without waiving the objections, Defendant answers that when the current undersigned attorney substituted into this case, the current undersigned attorney received an e-mail from Plaintiff's attorney that contained a link to a website with the Complaint and TRO. Defendant's undersigned counsel did not see a response time listed on the website. **In addition, Defendant's undersigned counsel explained to Plaintiff's counsel that Defendant's counsel recently substituted into this case and needed more time to respond to the discovery.** Plaintiff's counsel initially granted the extension. While Defendant's counsel was preparing for the discovery responses, Defendant's PMK, who was travelling, experienced the local riot and did not have access to stable Internet connection. Defendant's counsel explained the situation to Plaintiff's counsel, asking for additional time to respond to the discovery requests. Yet, Plaintiff's counsel rejected the reasonable requests and filed the motions to compel. Plaintiff's counsel escalated what could have been resolved by a simple extension to motions to compel, wasting everyone's time, resource and energy.

**Request for Admission 17.**

Admit that You received an e-mail from Plaintiff that specified the deadline to respond to or answer the Complaint.

**Response to Request for Admission No. 17:**

1

Defendant objects to this Request on the grounds that it is vague, ambiguous, and undefined as to the terms "received," "specified," and "deadline." Defendant further objects on the grounds that the Request calls for a legal conclusion regarding procedural deadlines, assumes facts not established, and is premature pending discovery.

Subject to and without waiving these objections, and pursuant to Rule 36(a)(4) of the Federal Rules of Civil Procedure, Defendant states that, after reasonable inquiry, the information known or readily obtainable is insufficient to enable Defendant to admit or deny this Request. Accordingly, Defendant denies the Request.

**Supplemental Response to Request for Admission No. 17:**

Defendant objects to this Request on the grounds that it is vague, ambiguous, and undefined as to the terms "received," "specified," and "deadline." Defendant further objects on the grounds that the Request is irrelevant to the issues of this case.

**Request for Admission 18.**

Admit that You reviewed all images called for in response to Request for Production No. 3 to determine whether each product was an Accused Product.

**Response to Request for Admission No. 18:**

Defendant objects to this Request on the grounds that it is vague, ambiguous, and undefined as to the terms "reviewed," "all images," and "Accused Product." Defendant further objects on the grounds that this Request assumes facts not established, is compound, seeks information protected by the attorney work-product doctrine, and is premature pending discovery.

Subject to and without waiving these objections, and pursuant to Rule 36(a)(4), Defendant states that, after reasonable inquiry, the information known or readily obtainable is

insufficient to enable Defendant to admit or deny this Request. Accordingly, Defendant denies the Request.

**Supplemental Response to Request for Admission No. 18:**

Defendant objects to this Request on the grounds that it is vague, ambiguous, and undefined as to the terms "reviewed," "all images," and "Accused Product." Defendant further objects on the grounds that this Request assumes facts not established, is compound, seeks information protected by the attorney work-product doctrine, and is premature pending discovery.

Defendant further objects on the grounds that Defendant does not have the obligation to prepare the case for Plaintiff and this question calls for legal conclusion.

**Request for Admission 19.**

Admit that You did not perform a search to determine whether You advertised, offered for sale and/or sold Accused Products beyond the specific Accused Products identified by Plaintiff.

**Response to Request for Admission No. 19:**

Defendant objects to this Request on the grounds that it is vague, ambiguous, and undefined as to the terms "search," "advertised," "offered for sale," "sold," and "Accused Products." Defendant further objects on the grounds that this Request is compound, assumes facts not established, seeks information protected by the attorney work-product doctrine, and is premature pending discovery.

Subject to and without waiving these objections, and pursuant to Rule 36(a)(4) of the Federal Rules of Civil Procedure, Defendant states that, after reasonable inquiry, the information known or readily obtainable is insufficient to enable Defendant to admit or deny this Request.

1

Accordingly, Defendant denies the Request.

**Supplemental Response to Request for Admission No. 19:**

Defendant objects to this Request on the grounds that it is vague, ambiguous, and undefined as to the terms "search," "advertised," "offered for sale," "sold," and "Accused Products." Defendant further objects on the grounds that this Request is compound, assumes facts not established, seeks information protected by the attorney work-product doctrine, and is premature pending discovery.

**In fact, Defendant did perform the search. Defendant in fact owns a valid copyright that predates the alleged intellectual property rights owned by Plaintiff. As a result, Defendant never thought it was infringing upon Plaintiff's IP rights or products.**

Dated this 21st day of October 2025          Respectfully submitted,

*Marjorie Ouyang*

Marjorie Ouyang, Esq.
*Attorney for Defendant WAWSAM*

1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 21, 2025, I caused the foregoing Defendant's Supplemental Responses to Plaintiff's First Set of Requests for Admission to be served via electronic mail upon all counsel of record listed below, pursuant to Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure and the parties' agreement to accept service by e-mail.

Lucas Peterson
lpeterson@gbc.law

Justin Gaudio
jgaudio@gbc.law

Rachel S. Miller
rmiller@gbc.law

Amy C. Ziegler
aziegler@gbc.law

*Greer, Burns & Crain, Ltd.*
*200 West Madison Street, Suite 2100*
*Chicago, Illinois 60606*

*Marjorie Ouyang*

_____
Marjorie Ouyang, Esq.
*Attorney for Defendant WAWSAM*

1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SONY INTERACTIVE ENTERTAINMENT LLC, | Case No. 25-cv-07391 |
| Plaintiff, | |
| v. | **Judge Matthew F. Kennelly** |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | **Magistrate Judge Young B. Kim** |
| Defendants. | |

**DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

Defendant WAWSAM, by and through its undersigned counsel, hereby provides the following Supplemental Responses to Plaintiff Sony Interactive Entertainment LLC's ("Plaintiff" or "SIE") First Set of Requests for Production:

**RESPONSES TO REQUESTS FOR PRODUCTION**

**Request for Production No. 1:**

Documents, electronically stored information, and things supporting Your answer to Interrogatory No. 1, including registration documents and e-mails for Defendant's E-commerce Store, Your Social Media Accounts, Your Financial Accounts, any e-mail addresses associated with Defendant's E-commerce Store, and any e-mail addresses associated with Your Financial Accounts.

**Response to Request for Production No. 1:**

Defendant objects to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks documents that are not relevant or proportional to the needs of the case. Defendant further objects to the extent this Request seeks confidential financial or account information absent an appropriate protective order. Defendant also objects to the extent it seeks privileged communications or

1

work product. Subject to and without waiving the foregoing objections, Defendant states that it is not presently producing any documents in response to this Request.

**Supplemental Response to Request for Production No. 1:**

Defendant objects to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks documents that are not relevant or proportional to the needs of the case. Defendant further objects to the extent this Request seeks confidential financial or account information absent an appropriate protective order. Defendant also objects to the extent it seeks privileged communications or work product. Subject to and without waiving the foregoing objections, Defendant will produce the requested documents.

**Request for Production No. 2:**

Documents, electronically stored information, and things supporting your response to Interrogatory No. 2, including each Accused Product listing page and all Accused Product listing images.

**Response to Request for Production No. 2:**

Defendant incorporates its General Objections. Defendant further objects on the grounds that this Request is vague, ambiguous, overbroad, unduly burdensome, and premature to the extent it seeks "all" listing pages and images without reasonable limitation. Defendant also objects to the extent the Request seeks information that is equally available to Plaintiff. Subject to and without waiving these objections, Defendant states that it is not presently producing any documents in response to this Request.

**Supplemental Response to Request for Production No. 2:**

Defendant objects to this Request on the grounds that it is duplicative, overbroad, and seeks documents already in Plaintiff's possession, custody, or control, including screenshots of the Accused Product listings and related images that Plaintiff previously submitted as exhibits or evidence in this action.

Accordingly, Defendant will not reproduce materials already in Plaintiff's possession. To the

extent additional responsive information exists, it has been produced in the document titled "Game A

Neck Warmer Sales Data (25-cv-07391). xlsx" for any additional responsive information.

**Request for Production No. 3:**

Listing images for each product identified in response to Interrogatory No. 5.

**Response to Request for Production No. 3:**

Defendant incorporates its General Objections. Defendant objects that this Request is vague,

ambiguous, overly broad, unduly burdensome, and duplicative of other discovery. Defendant further

objects to the extent it seeks information equally available to Plaintiff from third-party platforms. Subject

to and without waiving these objections, Defendant states that it is not presently producing any documents

in response to this Request.

**Supplemental Response to Request for Production No. 3:**

Defendant objects to this Request on the grounds that it is duplicative, overbroad, and seeks

materials already in Plaintiff's possession, custody, or control, including product listing images that

Plaintiff previously submitted as exhibits or otherwise obtained from Defendant's Amazon store.

Accordingly, Defendant will not reproduce materials already in Plaintiff's possession. To the

extent additional responsive information exists, it has been produced in the spreadsheet titled "Game A

Neck Warmer Sales Data (25-cv-07391)."

**Request for Production No. 4:**

Documents and electronically stored information relating to each communication from You to

United States consumers, including, but not limited to, advertisements, invoices, receipts, purchase

confirmation e-mails and shipping confirmation e- mails.

**Response to Request for Production No. 4:**

Defendant incorporates its General Objections. Defendant objects that this Request is vague,

ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case. Defendant

further objects to the extent it seeks confidential business records and private consumer information. Subject to and without waiving these objections, Defendant states that it is not presently producing any documents in response to this Request.

**Supplemental Response to Request for Production No. 4:**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, as it seeks voluminous transactional communications that are not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendant states that all relevant information within its possession, custody, or control has been produced in the spreadsheet titled "Game A Neck Warmer Sales Data (25-cv-07391)."

**Request for Production No. 5:**

Documents, electronically stored information, and things sufficient to show advertisements targeting the United States, including without limitation, advertisements on social media, search engines and marketplace platforms.

**Response to Request for Production No. 5:**

Defendant incorporates its General Objections. Defendant further objects that this Request is vague, ambiguous, overbroad, and unduly burdensome. Defendant also objects to the extent it seeks documents not relevant to any claim or defense and not proportional to the needs of the case. Subject to and without waiving these objections, Defendant states that it is not presently producing any documents in response to this Request.

**Supplemental Response to Request for Production No. 5:**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, as it seeks voluminous transactional communications that are not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendant states that all relevant information within its possession, custody, or control has been produced in the spreadsheet titled "Game A Neck Warmer Sales Data (25-cv-07391)."

**Request for Production No. 6:**

Documents and electronically stored information sufficient to show the current balance for any Financial Account identified in response to Interrogatory No. 6 of Plaintiff's First Set of Interrogatories.

**Response to Request for Production No. 6:**

Defendant incorporates its General Objections. Defendant objects that this Request is vague, ambiguous, overly broad, unduly burdensome, and seeks confidential financial information that is irrelevant, disproportionate, and not reasonably calculated to lead to admissible evidence. Defendant further objects that such information may only be produced, if at all, subject to a protective order. Subject to and without waiving these objections, Defendant states that it is not presently producing any documents in response to this Request.

**Supplemental Response to Request for Production No. 6:**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, as it seeks voluminous transactional communications that are not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendant states that all relevant information within its possession, custody, or control has been produced in the spreadsheet titled "Game A Neck Warmer Sales Data (25-cv-07391)."

**Request for Production No. 7:**

Documents, electronically stored information, and things relating to Your policies concerning retention, storage, filing, and destruction of electronic documents and e-mail.

**Response to Request for Production No. 7:**

5

Defendant incorporates its General Objections. Defendant further objects that this Request is vague, ambiguous, overbroad, unduly burdensome, and seeks documents not relevant to the claims or defenses in this matter. Subject to and without waiving these objections, Defendant states that it is not presently producing any documents in response to this Request.

**Supplemental Response to Request for Production No. 7:**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, as it seeks voluminous transactional communications that are not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendant states that all relevant information within its possession, custody, or control has been produced in the spreadsheet titled "Game A Neck Warmer Sales Data (25-cv-07391)."

**Request for Production No. 8:**

Documents, electronically stored information, and things relating to Your contracts with third parties to sell and ship Accused Products into the United States, including marketplace platforms.

**Response to Request for Production No. 8:**

Defendant incorporates its General Objections. Defendant objects that this Request is vague, ambiguous, overly broad, unduly burdensome, and seeks documents not relevant or proportional to the needs of the case. Defendant further objects to the extent this Request seeks confidential business agreements with third parties. Subject to and without waiving these objections, Defendant states that it is not presently producing any documents in response to this Request.

**Supplemental Response to Request for Production No. 8:**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, as it seeks voluminous transactional communications that are not reasonably calculated to lead to the discovery of admissible evidence.

6

Subject to and without waiving these objections, Defendant states that all relevant information within its possession, custody, or control has been produced in the spreadsheet titled "Game A Neck Warmer Sales Data (25-cv-07391)."

**Request for Production No. 9:**

All documents, electronically stored information, and things consulted or used in connection with preparation of Defendant's responses to Plaintiff's First Set of Interrogatories and these Document Requests.

**Response to Request for Production No. 9:**

Defendant incorporates its General Objections. Defendant further objects that this Request is vague, ambiguous, overly broad, unduly burdensome, seeks attorney work product, and is not proportional to the needs of the case. Subject to and without waiving these objections, Defendant states that it is not presently producing any documents in response to this Request.

**Supplemental Response to Request for Production No. 9:**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, as it seeks voluminous transactional communications that are not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendant states that all relevant information within its possession, custody, or control has been produced in the spreadsheet titled "Game A Neck Warmer Sales Data (25-cv-07391)."

**Request for Production No. 10**:

All documents, including but not limited to communications with consumers and consumer reviews, in which any party has referenced Plaintiff, Accused Products, or any of Plaintiff's products.

**Response to Request for Production No. 10:**

Defendant incorporates its General Objections. Defendant further objects that this Request is

vague, ambiguous, overly broad, unduly burdensome, and seeks information not relevant to any claim or defense and not proportional to the needs of the case. Defendant also objects to the extent this Request seeks confidential consumer communications or third-party information not within Defendant's possession, custody, or control. Subject to and without waiving these objections, Defendant states that it is not presently producing any documents in response to this Request.

**Supplemental Response to Request for Production No. 10:**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, as it seeks voluminous transactional communications that are not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendant states that all relevant information within its possession, custody, or control has been produced in the spreadsheet titled "Game A Neck Warmer Sales Data (25-cv-07391)."

Dated this 21st day of October 2025.  Respectfully submitted,

*Marjorie Ouyang*

_____
 Marjorie Ouyang, Esq.
 *Attorney for Defendant WAWSAM*

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 21, 2025, I caused the foregoing Defendant's Supplemantal Responses Plaintiff's First Set of Requests for Production to be served via electronic mail upon the following counsel of record for Plaintiff:

Lucas Peterson
lpeterson@gbc.law

Justin Gaudio
jgaudio@gbc.law

Rachel S. Miller
rmiller@gbc.law

Amy C. Ziegler
aziegler@gbc.law

*Greer, Burns & Crain, Ltd.*
*200 West Madison Street, Suite 2100*
*Chicago, Illinois 60606*

*Marjorie Ouyang*

_____
Marjorie Ouyang, Esq.
*Attorney for Defendant WAWSAM*

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

|  |  |
|---|---|
| SONY INTERACTIVE ENTERTAINMENT LLC, | Case No. 25-cv-07391 |
| Plaintiff, | **Judge Matthew F. Kennelly** |
| v. | **Magistrate Judge Young B. Kim** |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | |
| Defendants. | |

## DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant WAWSAM, by and through its undersigned counsel, hereby provides the following Supplemental Responses to Plaintiff Sony Interactive Entertainment LLC's ("Plaintiff" or "SIE") First Set of Interrogatories:

## RESPONSES TO INTERROGATORIES

**Interrogatory No. 1**

Identify Yourself, including the owner(s) and/or operator(s) of Defendant's E-commerce Store, Social Media Accounts, and Financial Accounts.

**Response to Interrogatory No. 1:**

Defendant incorporates its General Objections. Defendant objects on the grounds that this Interrogatory is vague, ambiguous, overly broad, unduly burdensome, and seeks information not relevant or proportional to the needs of the case. Defendant further objects to the extent it seeks confidential financial or personal information. Subject to and without waiving these objections, Defendant states that it is presently unable to provide information sufficient to respond.

1

**Supplemental Response to Interrogatory No. 1:**

Defendant objects to this request as overly broad, unduly burdensome, and seeking information not relevant to any claim or defense in this action, including personal or financial information beyond the scope of permissible discovery.

Without waiving and subject to the foregoing objections, Defendant identifies **Yanjie Zhou** as the owner of the WAWSAM.

Defendant reserves the right to supplement or amend this response as discovery continues.

**Interrogatory No. 2**

Identify each and every domain name or E-commerce Store Used by You, or anyone identified in Your response to Interrogatory No. 1, that advertised and/or offered for sale Accused Products to United States residents.

**Response to Interrogatory No. 2:**

Defendant incorporates its General Objections. Defendant objects on the grounds that this Interrogatory is vague, ambiguous, overly broad, unduly burdensome, and assumes facts not established. Defendant further objects to the extent it seeks information equally available to Plaintiff. Subject to and without waiving these objections, Defendant states that it is presently unable to provide information sufficient to respond.

**Supplemental Response to Interrogatory No. 2:**

Defendant identifies the following E-commerce Store associated with the accused products amazon.com/sp?seller=A174KYEVOXD3M8. Defendant objects to this request to the extent it seeks access credentials, private account information, or unrelated domain names.

**Interrogatory No. 3:**

Identify all Accused Products advertised, offered for sale, and/or sold by You to the United States since the beginning of this Lawsuit and five years prior, including product details and financial data.

**Response to Interrogatory No. 3:**

Defendant incorporates its General Objections. Defendant objects on the grounds that this Interrogatory is vague, ambiguous, overly broad, unduly burdensome, and disproportionate to the needs of the case. Defendant further objects that it seeks confidential business and financial information and is premature pending discovery. Subject to and without waiving these objections, Defendant states that it is presently unable to provide information sufficient to respond.

**Supplemental Response to Interrogatory No. 3:**

Defendant identifies the following product as accused product:

Product Name: Kids Ski Mask Winter Fleece Neck Gaiter Warmer Kids Face Cover Scarf Windproof Balaclava for 4-10 Years Boys Girls; ASIN No.: B0DGK4LDKJ.

**Interrogatory No. 4:**

Describe in detail Your search parameters and procedure for identifying Accused Products in response to Interrogatory No. 3.

**Response to Interrogatory No. 4:**

Defendant incorporates its General Objections. Defendant objects that this Interrogatory is vague, ambiguous, overbroad, unduly burdensome, seeks attorney work product, and calls for disclosure of protected litigation strategy. Subject to and without waiving these objections, Defendant states that it is presently unable to provide information sufficient to respond.

**Supplemental Response to Interrogatory No. 4:**

Defendant identified the Accused Products based on the screenshots and other materials provided by Plaintiff as alleged evidence in this case.

**Interrogatory No. 5:**

Provide a listing of item titles for each product sold to the United States by You on Defendant's Internet Store in the year prior to the date of this Lawsuit.

**Response to Interrogatory No. 5:**

Defendant incorporates its General Objections. Defendant objects on the grounds that this Interrogatory is vague, ambiguous, overly broad, unduly burdensome, and seeks information not relevant or proportional to the needs of the case. Subject to and without waiving these objections, Defendant states that it is presently unable to provide information sufficient to respond.

**Supplemental Response to Interrogatory No. 5:**

Defendant incorporates its General Objections. Defendant objects on the grounds that this Interrogatory is vague, ambiguous, overly broad, unduly burdensome, and seeks information not relevant or proportional to the needs of the case. Only the Accused Products are relevant to the present lawsuit. Defendant will provide answer to the request once Plaintiff revises the scope of this request.

**Interrogatory No. 6:**

Identify any Financial Accounts which receive payments or hold assets for You, or anyone identified in Your response to Interrogatory No. 1.

**Response to Interrogatory No. 6:**

Defendant incorporates its General Objections. Defendant objects that this Interrogatory is vague, ambiguous, overly broad, unduly burdensome, seeks confidential financial information, and is not proportional to the needs of the case. Subject to and without waiving these objections,

4

Defendant states that it is presently unable to provide information sufficient to respond.

**Supplemental Response to Interrogatory No. 6:**

Defendant objects to this Interrogatory on the grounds that it seeks confidential and private financial information, including personal and corporate account details, which are protected by privacy and confidentiality interests. Without waiving the objections, Defendant responds that the account is linked with Amazon.com and current frozen under the TRO.

**Interrogatory No. 7:**

Identify and describe in detail all channels through which You market, advertise, and promote products to consumers throughout the United States.

**Response to Interrogatory No. 7:**

Defendant incorporates its General Objections. Defendant objects on the grounds that this Interrogatory is vague, ambiguous, overly broad, unduly burdensome, and seeks information not relevant or proportional to the needs of the case. Subject to and without waiving these objections, Defendant states that it is presently unable to provide information sufficient to respond.

**Supplemental Response to Interrogatory No. 7:**

Defendant markets, advertises, and promotes its products solely through its Amazon online store. Defendant does not use any other sales or marketing channels in the United States.

**Interrogatory No. 8:**

Identify what percentage of Your gross revenue were for sales to United States consumers.

**Response to Interrogatory No. 8:**

Defendant incorporates its General Objections. Defendant objects that this Interrogatory is vague, ambiguous, overly broad, unduly burdensome, seeks confidential financial information,

and is not proportional to the needs of the case. Subject to and without waiving these objections, Defendant states that it is presently unable to provide information sufficient to respond.

**Supplemental Response to Interrogatory No. 8:**

Defendant objects to the request based on irrelevancy. However, Defendant estimates the gross sale from U.S. customers to be around 50%.

**Interrogatory No. 9:**

Identify which countries You were attempting to sell product to through Defendant's E-commerce Store.

**Response to Interrogatory No. 9:**

Defendant incorporates its General Objections. Defendant objects that this Interrogatory is vague, ambiguous, overly broad, unduly burdensome, and seeks information not relevant or proportional to the needs of the case. Subject to and without waiving these objections, Defendant states that it is presently unable to provide information sufficient to respond.0

**Supplemental Response to Interrogatory No. 9:**

China and U.S.

**Interrogatory No. 10:**

Identify all persons, other than counsel, who participated, or were consulted, in responding to these Interrogatories.

**Response to Interrogatory No. 10:**

Defendant incorporates its General Objections. Defendant objects on the grounds that this Interrogatory is vague, ambiguous, overly broad, unduly burdensome, and seeks information protected by the attorney–client privilege and attorney work-product doctrine. Subject to and without waiving these objections, Defendant states that it is presently unable to provide

information sufficient to respond.

**<u>Supplemental Response to Interrogatory No. 10:</u>**

No other person.

Dated this 21st day of October 2025.　　　Respectfully submitted,

*Marjorie Ouyang*

_____

Marjorie Ouyang, Esq.
*Attorney for Defendant WAWSAM*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 21, 2025, I caused the foregoing Defendant's

Supplemental Responses to Plaintiff's First Set of Interrogatories to be served via electronic mail

upon the following counsel of record for Plaintiff:

Lucas Peterson
lpeterson@gbc.law

Justin Gaudio
jgaudio@gbc.law

Rachel S. Miller
rmiller@gbc.law

Amy C. Ziegler
aziegler@gbc.law

*Greer, Burns & Crain, Ltd.*
*200 West Madison Street, Suite 2100*
*Chicago, Illinois 60606*


*Marjorie Ouyang*

_____
 Marjorie Ouyang, Esq.
 *Attorney for Defendant WAWSAM*